STATE of Missouri, ex rel. STATE HIGH-
WAY COMMISSION OF MISSOURI,
Plaintiff-Respondent,

v.

Claude DAVIDSON, et al., Exceptions of
Ola R. Tranbarger, et al.,
Defendants-Appellants.

No. WD 31823.

Missouri Court of Appeals,
Western District.

Aug. 25, 1981.

Robert C. Smith, Smith, Lewis, Rogers &
Beckett, Columbia, for defendants-appellants.

Bruce A. Ring, Chief Counsel, John W.
Maupin, Asst. Chief Counsel, Missouri Highway and Transp. Commission, Jefferson
City, for plaintiff-respondent.

Before MANFORD, P. J., and DIXON
and NUGENT, JJ.

DIXON, Judge.

The landowners appeal from the verdict
and judgment of the jury in the trial of
exceptions to the commissioners' award in a
condemnation case.

The landowners assert that the commissioners were improperly appointed because
the land condemned was located in Callaway County, Missouri, and the commissioners were all residents of Boone County,
Missouri. Under the facts of this case, that
issue need not be reached or decided.

The instant condemnation case involved
land in both Callaway and Boone Counties,
Missouri, the majority of the land being
located in Callaway County. The commissioners appointed were residents of Boone
County, Missouri. Prior to the filing of the
commissioners' report, these landowners
were not represented. Subsequent to the
filing of the commissioners' report, counsel
was employed and a motion attacking the
validity of the appointment of commissioners was filed and in the alternative exceptions to the commissioners' award were asserted. The trial court overruled the motion and set the exceptions for trial before a
jury. The Highway Commission then paid
into court the amount of the commissioners'
award, and these landowners withdrew
their portion of the award subsequent to
the trial court's ruling on the motion attacking the commissioners' appointment.

The Highway Commission contends, and
that contention must be sustained, that the
withdrawal of commissioners' award from
the registry of the court estops the landowners from asserting irregularities in the
proceedings occurring prior to the withdrawal. *Jackson County v. Hesterberg*, 519
S.W.2d 537 (Mo.App.1975).

The judgment of the trial court is affirmed.

All concur.